AO 93 (Rev. 11/13) Search and Seizure Warrant (USAO CDCA Rev. 04/17)

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>The following digital data, contained within a SanDisk USB thumb drive, serial number: BN160725619B | )<br>)<br>) Case No. 2:19-mj-02598<br>)<br>)<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ___ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 6/21/19 12:40 pm                    _____
                                                                                    *Judge's signature*

City and state:  Los Angeles, CA                              FBI Task Force Officer Lydia Sakae
                                                                                    *Printed name and title*

AUSA:  Scott M. Lara  x0427

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 2:19-MJ-02598 | Date and time warrant executed: 6/21/19 1420 HRS | Copy of warrant and inventory left with: TFO LYDIA SAKAE |
| Inventory made in the presence of: LAPD DET. RYAN VERNA | | |
| Inventory of the property taken and name of any person(s) seized: | | |

- SAN DISK USB THUMB DRIVE   S/N: BN1607256198.

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 6/21/19.

_____
Executing officer's signature

TFO LYDIA SAKAE
Printed name and title

Case 2:19-mj-02598-DUTY   Document 3   Filed 06/26/19   Page 3 of 10   Page ID #:81
Case 2:19-mj-02598-DUTY *SEALED*   Document 1-1 *SEALED*   Filed 06/21/19   Page 3 of 10
Page ID #:32

**ATTACHMENT A**

**PROPERTY TO BE SEARCHED**

The following digital data, contained within a SanDisk USB thumb drive, serial number: BN160725619B, provided by Facebook, Inc. on February 6, 2019 to LAPD, pursuant to the Superior Court of California, County of Los Angeles search warrant, Warrant No. 19V065, issued on December 19, 2018, and containing information associated with the SUBJECT ACCOUNT identified as https://facebook.com/martin.loza.188.

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

1. All records relating to violations of 18 U.S.C. §§ 2252A(a)(2) (receipt and distribution of child pornography) and 2252A(a)(5)(B) (access with intent to view and possession of child pornography) (collectively, the "Subject Offenses"), occurred on or after January 1, 2017, namely:

   a. Child pornography, as defined in 18 U.S.C. § 2256(8).

   b. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that refer to child pornography, as defined in 18 U.S.C. § 2256(8), including but not limited to, documents that refer to the possession, receipt, distribution, transmission, reproduction, viewing, sharing, purchase, or downloading, production, shipment, order, requesting, trade, or transaction of any kind, involving child pornography.

   c. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, tending to identify persons involved in the possession, receipt, distribution, transmission, reproduction, viewing, sharing, purchase, or downloading, production, shipment, order, requesting, trade, or transaction of any kind, involving child pornography, as defined in 18 U.S.C. § 2256(8).

   d. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages,

that identify any minor visually depicted while engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(B).

e.  Any records, documents, programs, applications, or materials or items which are sexually arousing to individuals who are interested in minors, but which are not in and of themselves obscene or which do not necessarily depict minors involved in sexually explicit conduct.  Such material is commonly known as "child erotica" and includes written materials dealing with child development, sex education, child pornography, sexual abuse of children, incest, child prostitution, missing children, investigative techniques of child exploitation, sexual disorders, pedophilia, nudist publications, diaries, and fantasy writings.

f.  Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that pertain to peer-to-peer file-sharing software.

g.  Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that pertain to accounts with any Internet Service Provider.

h.  Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, regarding ownership and/or possession of the SUBJECT ACCOUNT.

i.  With respect to the SUBJECT ACCOUNT used to facilitate the above-listed violations or containing evidence falling within the scope of the foregoing categories of items to be seized:

j. evidence of who used, owned, or controlled the SUBJECT ACCOUNT at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

k. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

l. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the SUBJECT ACCOUNT;

m. evidence of the times the SUBJECT ACCOUNT was used;

n. passwords, encryption keys, and other access devices that may be necessary to access the SUBJECT ACCOUNT;

o. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the SUBJECT ACCOUNT or to conduct a forensic examination of it;

p. records of or information about Internet Protocol addresses used by the SUBJECT ACCOUNT.

**SEARCH PROCEDURES FOR THE SUBJECT DEVICE**

2. In searching the SUBJECT DEVICE (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") may search any SUBJECT DEVICE capable of being used to facilitate the above-listed violations or containing data falling within the scope of the items to be seized.

b. The search team will, in its discretion, either search each SUBJECT DEVICE where it is currently located or transport it to an appropriate law enforcement laboratory or similar facility to be searched at that location.

c. The search team shall complete the search of the SUBJECT DEVICE as soon as is practicable but not to exceed 120 days from the date of issuance of the warrant. The government will not search the digital device beyond this 120-day period without obtaining an extension of time order from the Court.

d. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

i. The search team may subject all of the data contained in each SUBJECT DEVICE capable of containing any of the items to be seized to the search protocols to determine whether the SUBJECT DEVICE and any data thereon falls within the scope of the items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or

4

encrypted data to determine, pursuant to the search protocols, whether the data falls within the scope of the items to be seized.

    ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques [, including to search for known images of child pornography.]

  e. If the search team, while searching a SUBJECT DEVICE, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that SUBJECT DEVICE pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

  f. If the search determines that a SUBJECT DEVICE does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the SUBJECT DEVICE and delete or destroy all forensic copies thereof.

  g. If the search determines that a SUBJECT DEVICE does contain data falling within the list of items to be seized,

the government may make and retain copies of such data, and may access such data at any time.

  h. If the search determines that the SUBJECT DEVICE is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

  i. The government may also retain a SUBJECT DEVICE if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

  j. After the completion of the search of the SUBJECT DEVICE(S), the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

  3. This warrant authorizes a review of electronic storage media seized, electronically stored information, communications, other records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in

addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

    4. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.